UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| SYNETTA MCDANIELS, individually and as successor-in-interest to Decedent CELESTINE ALLEN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COUNTY OF SAN JOAQUIN, a municipal corporation; and DOES 1-50, inclusive,<br><br>　　　　Defendants. | CIV. NO. 2:16-2007 WBS DB<br><br>MEMORANDUM AND ORDER RE: MOTION TO DISMISS |

----oo0oo----

　　　　Plaintiff Synetta McDaniels brought this action against defendants County of San Joaquin and Doe employees arising from decedent Celestine Allen's death while incarcerated at San Joaquin County jail.  Defendants now move to dismiss plaintiff's entire Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket No. 8.)

///

1

I.   Factual and Procedural History

The decedent allegedly was a diagnosed schizophrenic and recovering cocaine addict incarcerated at San Joaquin County jail. (Compl. ¶ 1 (Docket No. 1).)  Plaintiff alleges defendants were "aware that Decedent required supervision and/or life saving medical treatment," but "failed to treat and/or monitor Decedent." (Id. ¶ 15.)  Decedent allegedly was found dead in her cell in August 2015.  (Id. ¶ 14.)

Plaintiff initiated this action in her individual capacity and as decedent's successor-in-interest.  She alleges the following causes of action: (1) 42 U.S.C. § 1983 claim for violation of decedent's and plaintiff's constitutional rights; (2) Monell claim under section 1983; (3) wrongful death under California Civil Procedure Code §§ 377.60-61; (4) negligence; (5) and violation of California Government Code § 845.6.  (See id.)

II.   Discussion

On a motion to dismiss under Rule 12(b)(6), the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Under this standard, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable."  Twombly, 550 U.S. at 556.

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; see also Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Plaintiff's first two causes of action are brought under 42 U.S.C. § 1983.  In the first cause of action, plaintiff alleges defendants violated her Fourteenth Amendment substantive due process right to familial relationship, companionship, and society with the decedent when defendants were deliberately indifferent to decedent's medical needs.[1]  (Compl. ¶ 26.)  "The right to familial association . . . is a fundamental liberty interest protected under the substantive due process clause of the Fourteenth Amendment."  Motley v. Smith, Civ. No. 1:15-905 DAD, 2016 WL 6988597, at *4 (E.D. Cal. Nov. 29, 2016) (citing Rosenbaum v. Washoe County, 663 F.3d 1071, 1079 (9th Cir. 2012)).

The Due Process Clause of the Fourteenth Amendment "guarante[es] more than fair process" and extends to "a

---

[1] The Complaint also mentions the First and Fourth Amendments.  However, the Complaint lacks any factual allegation regarding plaintiff's free speech or freedom of association rights and makes no mention of any search, seizure or invasion of privacy that took place.

substantive sphere as well, 'barring certain government actions regardless of the fairness of the procedures used to implement them.'" County of Sacramento v. Lewis, 523 U.S. 833, 844 (1998). "The touchstone of due process is protection of the individual against arbitrary action of government," Wolff v. McDonnell, 418 U.S. 539, 558 (1974), and "only the most egregious official conduct can be said to be 'arbitrary in the constitutional sense,'" Lewis, 523 U.S. at 846 (quoting Collins v. City of Harker Heights, 503 U.S. 115, 129 (1992)). Official conduct rises to this level only if it "shocks the conscience." Id. "Where actual deliberation is practical, then an [individual]'s 'deliberate indifference' may suffice to shock the conscience." Wilkinson v. Torres, 610 F.3d 546, 554 (9th Cir. 2010).

    The Complaint alleges that defendants were deliberately indifferent when they "had been aware that Decedent required supervision and/or life saving medical treatment" but "failed to treat and/or monitor Decedent." (Compl. ¶ 15.) The Complaint further alleges that defendants "subjected Plaintiff to their wrongful conduct" and decedent's death "was the consequence of defendants' reckless indifference for Decedent's serious medical needs and wellbeing [sic]." (Id. ¶¶ 16, 27.) The Complaint contains no factual allegations regarding any wrongful conduct or deliberation by an individual actor, the decedent's "serious medical needs," the circumstances surrounding why the decedent needed "supervision and/or life saving medical treatment," or defendants' awareness that the decedent was in need of life-saving medical treatment. Plaintiff relies solely on legal conclusions and conclusory statements, which are insufficient to

survive a motion to dismiss under Rule 12(b)(6).  See Iqbal, 556 U.S. at 678-79.

In the second cause of action for Monell liability, plaintiff alleges that the Doe defendants acted pursuant to unconstitutional San Joaquin County customs, policies, and practices.  (Compl. ¶ 31.)  A municipality can only be liable under section 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury."  Monell v. Dep't of Soc. Servs. of the City of N.Y., 436 U.S. 658, 693 (1978).  "Since Iqbal, courts have repeatedly rejected [] conclusory allegations that lack factual content from which one could plausibly infer Monell liability."  Via v. City of Fairfield, 833 F. Supp. 2d 1189, 1196 (E.D. Cal. 2011) (citing cases).

Plaintiff's Complaint contains only conclusory allegations regarding defendant San Joaquin's customs, policies, and procedures.  The Complaint alleges defendant San Joaquin had policies and customs of (1) failing to properly train concerning the handling of "treatable life threatening conditions"; (2) denying inmates access to appropriate "care for serious medical needs"; (3) failing to properly train concerning the handling of "persons with serious medical conditions at the County Jail"; (4) "failing to properly investigate . . . incidents of the handling [of] person with life threatening medical conditions"; (5) ignoring "unconstitutional or unlawful law enforcement activity"; (6) allowing law enforcement officers to file incomplete and inaccurate reports; (7) tolerating a "'code of silence' among law

5

enforcement officers"; and (8) tolerating inadequate procedures for reviewing complaints of officer misconduct.  (Compl. ¶¶ 31-32.)  Each alleged policy and custom is unsupported by any factual allegations.  Further, plaintiff fails to allege how any of the purported practices, policies, or customs caused the decedent's injury.  See Telles v. City of Waterford, Civ. No. 1:10-982 AWI SKO, 2010 WL 5314360, at *4 (E.D. Cal. Dec. 20, 2010) ("[T]here are simply no details furnished about any particular incident that indicate how Plaintiff's rights were violated.").

        Plaintiff concedes that the Complaint "lacks elaborate details that support [plaintiff's] failure to discipline and inadequate training claims," but argues that a relaxed pleading standard applies to plaintiff's Monell claim because of the "pre-discovery posture" of the case and allegations on the basis of "information and belief" suffice.  (Pl.'s Opp'n 10:14-11:15 (Docket No. 9).)  However, "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  Iqbal, 556 U.S. at 678-79.  Absent factual allegations regarding the customs, policies, and procedures of defendant San Joaquin, plaintiff's Monell claim cannot survive.

        Accordingly, the court must dismiss plaintiffs' first two causes of action under 42 U.S.C. § 1983.

        Plaintiff's third cause of action for wrongful death lacks the requisite factual allegations as well.  "The elements of the cause of action for wrongful death are the tort (negligence or other wrongful act), the resulting death, and the damages, consisting of the pecuniary loss suffered by the heirs."

1  Quiroz v. Seventh Ave. Ctr., 140 Cal. App. 4th 1256, 1263 (6th
2  Dist. 2006).  Negligence requires allegations that defendants
3  owed the decedent "a legal duty, that defendants breached that
4  duty, and that the breach proximately caused [decedent's]
5  injuries."  Wiener v. Southcoast Childcare Ctrs., Inc., 32 Cal.
6  4th 1138, 1145 (2004).
7           As previously stated, the Complaint fails to allege any
8  specific wrongful conduct by defendants, let alone conduct that
9  the court could reasonably infer constitutes negligence.  In the
10 Complaint, plaintiff merely alleges that defendants' "negligent
11 actions and/or negligent failure to act, as set forth herein-
12 above proximately caused the death of decedent."  (Compl. ¶ 38.)
13 Plaintiff's legal conclusion that defendants were negligent is
14 insufficient to survive a motion to dismiss.  See Iqbal, 556 U.S.
15 at 678.  Accordingly, the court must dismiss plaintiff's third
16 cause of action for wrongful death.
17          Defendants also move to dismiss plaintiff's fourth
18 cause of action for negligence.  The fourth cause of action
19 suffers from the same deficiencies as the third cause of action
20 for wrongful death.  Further, plaintiff withdrew this claim in
21 her opposition.  (Pl.'s Opp'n 12:8-11.)  Accordingly, the court
22 will dismiss plaintiff's fourth cause of action for negligence.
23          Plaintiff's fifth cause of action for violation of
24 California Government Code § 845.6 likewise lacks any factual
25 specificity.  Under section 845.6, a public entity may be liable
26 if an employee is acting within the scope of his employment and
27 "knows or has reason to know that the prisoner is in need of
28 immediate medical care and he fails to take reasonable action to

summon such medical care." Cal. Gov't Code § 845.6.  Plaintiff again relies on legal conclusions that defendants "knew or had reason to know that Decedent was in need of immediate and higher level medical care, treatment, observation and monitoring" in order to support her claim.  (Compl. ¶ 47.)  The Complaint is devoid of factual allegations regarding the circumstances surrounding the decedent's alleged need for immediate medical care, the actions of any jail employees, and whether an employee was acting within the scope of his employment.  Accordingly, the court must dismiss plaintiff's fifth cause of action under California Government Code § 845.6.

　　　　　IT IS THEREFORE ORDERED that defendant's Motion to dismiss all causes of action be, and the same hereby is, GRANTED.

　　　　　Plaintiff has fourteen days from the date this Order is signed to file a First Amended Complaint, if she can do so consistent with this Order.

Dated:  March 7, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

8