JOHN L. BURRIS ESQ., SBN 69888
BEN NISENBAUM, ESQ., SBN 222173
JAMES COOK, ESQ., SBN 300212
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
bnisenbaum@hotmail.com
james.cook@johnburrislaw.com

Attorneys for Plaintiff
SYNETTA MCDANIELS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYNETTA MCDANIELS, individually and as successors-in-interest to Decedent CELESTINE ALLEN,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN JOAQUIN, a municipal corporation; and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO.: 2:16-cv-02007-WBS-DB<br><br>FIRST AMENDED COMPLAINT FOR DAMAGES<br>(42 U.S.C §§ 1983, 1988; and pendent tort claims)<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1.   On August 19, 2015, Decedent Celestine Allen, a diagnosed schizophrenic and cocaine addict, died from a cocaine overdose in her cell while in custody at the San Joaquin County jail after Defendants' failed to supervise and/or treat her according to the law and the appropriate protocols after having notice of her serious medical needs.

2.   This civil rights and wrongful death action seeks compensatory and punitive damages

FIRST AMENDED COMPLAINT FOR DAMAGES - 1

from Defendants for violating the Fourteenth Amendment under the United States Constitution and state law in connection with the death of Celestine Allen, who died as a result of the unlawful and/or negligent conduct by the County of Joaquin's Sheriff's Department.

3. This action seeks to recover damages for the violation of rights of Decedent's surviving successor-in-interest, Synetta McDaniels.

## JURISDICTION

4. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 42 of the United States Code, Section 1331 and 1343 and 42 U.S.C. Section 12188(a). This Court also has supplemental jurisdiction over Plaintiff's state law causes of action under 28 U.S.C. Section 1367.

## PARTIES

5. Decedent CELESTINE ALLEN (hereinafter "Decedent") was an individual residing in the State of California. Decedent was unmarried at the time of her death and died intestate.

6. Plaintiff SYNETTA MCDANIELS (hereinafter "Plaintiff") is the surviving daughter of Decedent CELESTINE ALLEN and is a citizen of the United States. Plaintiff brings these claims individually and as the successor-in-interest for Decedent CELESTINE ALLEN. Plaintiff is Decedent's sole heir.

7. COUNTY OF SAN JOAQUIN (hereinafter "County") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant County has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the County of San Joaquin's Sheriff's Department and its tactics, methods, practices, customs and usage. At all relevant times, Defendant County was the employer of DOES Defendants, individually and as law enforcement officers.

8. Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each defendant so named is responsible in some manner for the

injuries and damages sustained by Plaintiff as set forth herein.  Plaintiff will amend this Complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

## ADMINISTRATIVE PREREQUISITES

9. Plaintiff is required to comply with an administrative tort claim requirement under California law.  Plaintiff filed an administrative claim with the County of San Joaquin on February 19, 2016. On February 23, 2016, Plaintiff received notice that the County of San Joaquin rejected her claim. Plaintiff has exhausted all administrative remedies pursuant to California Government Code Section 910.

## PRELIMINARY ALLEGATIONS

10. The County is a public entity and is sued under Title 42 U.S.C. § 1983 for violations of the Fourteenth Amendments of the United States Constitution, California state law, the California Tort Claims Act, and the Government Code for the acts and omissions of Defendant DOES 1-25, and each of them, who at the time they caused Plaintiff and Decedent's injuries, damages and death, were duly appointed, qualified and acting officers, employees, and/or agents of County and acting within the course and scope of their employment and/or agency.  In engaging in the conduct described herein, Defendant DOES 1-25, inclusive, exceeded the authority vested in them as public employees under the United States and California Constitutions and as officers employed by Defendant County.

11. Plaintiff alleges that the conduct of each defendant deprived Decedent of her constitutional right to life, her constitutional right to medical and mental health care for her serious but treatable medical and mental health needs, as well as custodial care and supervision, and caused Decedent to suffer grievous harm and physical, psychological, and mental injuries prior to his death, and ultimately caused his death while she was in the custody of Defendants.

12. Each of the Defendants caused and is responsible for the unlawful conduct and resulting harm by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so, by authorizing, acquiescing, condoning, acting, omitting or failing to take action to prevent the unlawful conduct, by promulgating or failing to promulgate policies and procedures pursuant to which the unlawful conduct occurred, by failing and refusing to initiate and maintain proper and adequate policies, procedures and protocols, and by ratifying and condoning the

unlawful conduct performed by agents and officers, deputies, medical providers and employees under their direction and control.

13. Whenever and wherever reference is made in this Complaint to any act by Defendants County of San Joaquin Sheriff's Department Officers DOES 1-25, such allegations and references shall also be deemed to mean the acts and failures to act of each Defendant and DOE Defendants individually, jointly or severally.

## FACTUAL ALLEGATIONS

14. Decedent was in custody as an inmate at San Joaquin County Jail- a jail operated by the County of San Joaquins's Sheriff's Office, a municipal agency of County, when she was found dead in her cell on August 19, 2015 from a cocaine overdose.

15. Title 15, Section 1027 of the California Code of Regulations (CCR) mandates that "at least hourly safety checks" are to be performed by a sufficient number of correctional employees. According to the CCR, "Safety checks are intended to provide for the health and welfare of the inmates. This means that staff must be able to see each inmate without the aid of audiovisual equipment to assure that he/she is alive and not experiencing any trauma in order to consider that the intent of the regulation is met.

16. On information and belief, at the time of Decedent's death, Defendants had been aware that Decedent required supervision due to her known status as a cocaine addict and schizophrenic. Defendants were on notice that Decedent required life saving medical treatment after she exhibited clear signs of a cocaine overdose and/or a serious medical problem that required treatment. Even still, Defendants failed to treat and/or properly monitor Decedent according to CCR protocol even after they were on notice that Decedent required supervision and immediate medical attention.

17. Decedent's death was the consequence of Defendants' reckless indifference for Decedent's serious medical needs and wellbeing.

18. Alternatively or concurrently, Decedent's death was the proximate result of Defendant County's failure to implement and enforce generally accepted, lawful policies and procedures at the jail, and allowing and/or ratifying the deliberate indifference to the serious medical needs of inmates.

These substantial failures reflect Defendant County's policies implicitly ratifying and/or authorizing the deliberate indifference to serious medical needs and the failure to reasonably train, instruct, monitor, supervise, investigate, and discipline deputy sheriffs employed by Defendant County.

19. Plaintiff is informed and believes and thereon alleges that members of the County of San Joaquin Sheriff's Department, including, but not limited to DOES 1-25 and/or each of them, have individually and/or while acting in concert with one another, engaged in a repeated pattern and practice of disregarding the medical needs and constitutional rights of individuals, including, but not limited to decedent.

20. Plaintiff is further informed, believes and thereon alleges that County knew or had reason to know by way of actual or constructive notice of the aforementioned policy, culture, pattern and/or practice and the complained of conduct and resultant injuries/violations.

21. At all material times, and alternatively, the actions of each Defendant were conscience-shocking, reckless, deliberately indifferent to Decedent's and Plaintiff's rights, negligent, and objectively unreasonable.

## DAMAGES

22. Plaintiff was mentally and emotionally injured and damaged as a proximate result of Decedent's wrongful death, including, but not limited to, the loss of Decedent's familial relationships, comfort, protection, companionship, love, affection, solace, and moral support. In addition to these damages, Plaintiff is entitled to recover for the reasonable value of funeral and burial expenses.

23. Plaintiff is entitled to recover wrongful death damages pursuant to C.C.P. Sections 377.60 and 377.61 and Probate Code Section 6402(b).

24. Plaintiff found it necessary to engage the services of private counsel to vindicate their rights, and the rights of decedent, under the law. Plaintiff is therefore entitled to recover all attorneys' fees incurred in relation to this action pursuant to Title 42 United States Code section 1988.

## FIRST CAUSE OF ACTION
### (42 U.S.C. § 1983)
### (Against Defendants DOES 1-25)

25. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 24 of this Complaint.

26. By the actions and omissions described above, Defendants violated 42 U.S.C. § 1983, depriving Plaintiff of the following clearly established and well-settled constitutional rights protected by the Fourteenth Amendments to the United States Constitution:

   a. The right to be free from deliberate indifference to Decedent's serious medical needs while in custody as secured by the Fourteenth Amendment; and

   b. The right to be free from wrongful government interference with familial relationships and Plaintiff's right to companionship, society, and support of each other, as secured by the First, Fourth, and Fourteenth Amendments, and as secured by California Code of Civil Procedure §§ 377.20 et seq. and 377.60et seq.

27. Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein with reckless disregard for whether the rights and safety of Plaintiff (individually and on behalf of Decedent) and others would be violated by their acts and/or omissions.

28. As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiff sustained injuries and damages as set forth herein.

29. The conduct of Defendants entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983 and California Code of Civil Procedure §§ 377.20 et seq., and other state and federal law.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth

## SECOND CAUSE OF ACTION
### (*Monell* - 42 U.S.C. § 1983)
### (Against Defendants County and DOES 26-50)

30. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 29 of this Complaint.

31. The unconstitutional actions and/or omissions of Defendants DOES 26-50, as well as other officers employed by or acting on behalf of the Defendants County, on information and belief,

were pursuant to the following customs, policies, practices, and/or procedures of the County, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policymaking officers for the County and its Sheriff's Department:

    a.    To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning recognizing and handling treatable life threatening conditions, including drug addiction and concealment and drug overdoses ;

    b.    To deny inmates at the County's jail access to appropriate, competent, and necessary care for serious medical needs, including drug addiction and overdoses;

    c.    To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning handling persons with serious medical conditions, including drug overdoses, at the County Jail;

    d.    To cover up violations of constitutional rights by any or all of the following:

        i.    By failing to properly investigate and/or evaluate complaints or incidents of the handling persons with life threatening medical conditions;

        ii.    By ignoring and/or failing to properly and adequately investigate and/or investigate and discipline unconstitutional or unlawful law enforcement activity; and

        iii.    By allowing, tolerating, and/or encouraging law enforcement officers to: fail to file complete and accurate reports; file false reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful law enforcement conduct by withholding and/or concealing material information;

    e.    To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and sheriff's department personnel, whereby an officer or member of the sheriff's department does not provide adverse information against a fellow officer or member of the department; and

    f.    To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct, including claims made under California Government Code §§ 910 et seq.

32.    Defendants County and DOES 26-50 failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendants DOES 1-25, and other County, Sheriff's

Department, with deliberate indifference to Plaintiff's constitutional rights, which were thereby violated as described above.

33. The unconstitutional actions and/or omissions of Defendants DOES 1-25 and other Sheriff's Department personnel, as described above, were approved, tolerated, and/or ratified by policymaking officers for the County and its Sheriff's Department. Plaintiff is informed and believes and thereon alleges that the details of this incident have been revealed to the authorized policymakers within the County, the San Joaquin County Sheriff's Department, and that such policymakers have direct knowledge of the fact that the death of Decedent was not justified, but rather represented an unconstitutional display of deliberate indifference to serious medical needs. Notwithstanding this knowledge, the authorized policymakers within the County, its Sheriff's Department have approved of DOES 1-25's conduct and decisions in this matter, and have made a deliberate choice to endorse such conduct and decisions, and the basis for them, that resulted in the death of Decedent. By so doing, the authorized policymakers within the County and its Sheriff's Department have shown affirmative agreement with the individual Defendants' actions and have ratified the unconstitutional acts of the individual Defendants.

34. The aforementioned customs, policies, practices, and procedures; the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline; and the unconstitutional orders, approvals, ratification, and toleration of wrongful conduct of Defendants DOES 1-25 were a moving force and/or a proximate cause of the deprivations of Plaintiff's clearly established and well-settled constitutional rights in violation of 42 U.S.C. § 1983.

35. Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

36. As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices, and procedures of Defendants County, and DOES 1-25 as described above, Plaintiff sustained serious and permanent injuries and are entitled to damages, penalties, costs, and attorneys fees as set forth above in this Complaint, and punitive damages against Defendants DOES 1-25 in their individual capacities.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
### (Wrongful Death - Negligence)
### (C.C.P. §§ 377.60 and 377.61)
### (Against Defendants County and DOES 1-25)

37. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 36 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

38. Defendant County, by and through its agents and employees, the involved Defendant Officers' negligent actions and/or negligent failure to act, as set forth herein-above proximately caused the death of Decedent, Plaintiff's mother.

39. As an actual and proximate result of said defendants' negligence, and the death of decedent, Plaintiff has sustained pecuniary loss resulting from the loss of comfort, society, consortium, attention, services, and support of her husband, decedent, in an amount according to proof at trial.

40. As a further actual and proximate result of said defendant's negligence, Plaintiff has incurred funeral and burial expenses, in an amount according to proof at trial.

41. Pursuant to California C.C.P. Sections 377.60 and 377.61, Plaintiff has brought this action, and claims damages from said defendants for the wrongful death of Decedent, and the resulting injuries and damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
### (Violation of California Government Code § 845.6)
### (Against Defendants County and DOES 1-50)

42. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 41 of this Complaint.

43. Defendants knew or had reason to know that Decedent was in need of immediate and higher level medical care, treatment, observation and monitoring. Defendants failed to monitor Decedent according to protocol. Each such individual defendant, employed by and acting within the

course and scope of his/her employment with Defendant County, knowing and/or having reason to know this, failed to take reasonable action to summon and/or provide Decedent access to such care and treatment in violation of California Government Code § 845.6.

44. As legal cause of the aforementioned acts of all Defendants, Plaintiff was injured as set forth above, and their losses entitle them to all damages allowable under California law. Plaintiff sustained serious and permanent injuries and is entitled to damages, penalties, costs, and attorney fees under California law.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

45. Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages according to proof;
2. For punitive damages and exemplary damages in amounts to be determined according to proof as to defendants DOES 1 through 50 and/or each of them;
3. For reasonable attorney's fees pursuant to 42 U.S.C. §1988;
4. For cost of suit herein incurred;
5. Declaratory and injunctive relief, including but not limited to the following:
   i. An order requiring Defendants to institute and enforce appropriate and lawful policies and procedures for handling persons with serious medical needs.
   ii. An order prohibiting Defendants and their sheriff's from engaging in the "code of silence as may be supported by the evidence in this case.
   iii. An order requiring Defendants to train all medical professionals concerning generally accepted and proper tactics and procedures for the care and treatment of persons with serious medical needs.

///

6.  For such other and further relief as the Court deems just and proper.

**LAW OFFICES OF JOHN L. BURRIS**

Dated:  March 14, 2017

__/s/ John L. Burris___
John L. Burris Esq.,
Attorney for Plaintiff